**Florentino SERVIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71854.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2006.

Filed June 21, 2006.

Russell J.E. Verby, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMPSON, BERZON, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Florentino Servin petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to reconsider its decision summarily affirming the Immigration Judge's (IJ) denial of his application for cancellation of removal. The IJ determined that Servin was statutorily ineligible for cancellation of removal because his conviction for domestic battery under California Penal Code section 243(e)(1) qualified as a "crime of domestic violence" under Immigration and Naturalization Act (INA) section 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant Servin's petition for review because his California domestic battery conviction is not a "crime of violence" and therefore is not a "crime of domestic violence" for purposes of INA section 237(a)(2)(E)(i).

We may consider whether Servin's conviction for domestic battery under California Penal Code section 243(e)(1) constitutes a "crime of violence" under INA section 237(a)(2)(E)(i) because the BIA's denial of Servin's motion to reconsider reached that legal question. A "motion to reconsider must identify a legal or factual error in the BIA's prior decision." *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir.2004); *see also* 8 U.S.C. § 1229a(c)(6)(C) (stating

Stella P. Lai, Esq., South Pasadena, CA, for Petitioner.

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that a motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority"); 8 C.F.R. § 1003.2(b)(1) (stating that a motion to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority"). In his motion to reconsider, Servin argued that the BIA legally erred in its prior decision because his California domestic battery conviction did not qualify as a "crime of violence" under INA section 237(a)(2)(E)(i). The BIA denied Servin's motion to reconsider on, among other grounds, the ground that there were no "errors of law" in its previous decision. That conclusion is reviewable.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004). Under the abuse of discretion standard, we will reverse the denial of a motion to reconsider if the BIA acted "'arbitrarily, irrationally, or contrary to law.'" *Id.* (quoting *Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir.2003)). We review de novo the legal question of whether a state statutory conviction constitutes a "crime of violence" within the meaning of 18 U.S.C. § 16. *See Singh v. Ashcroft*, 386 F.3d 1228, 1230–31 (9th Cir.2004).

■ In order to determine that Servin was convicted of a "crime of domestic violence," we must conclude under the categorical or modified categorical approach, as laid out in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), that his conviction was both "domestic" and also a "crime of violence" under INA section 237(a)(2)(E)(i). *See Tokatly v. Ashcroft*, 371 F.3d 613, 619–20 (9th Cir.2004). Servin does not contest that his conviction was a "domestic" offense.

■ Servin's domestic battery conviction does not constitute a "crime of vio-

lence" under the categorical or modified categorical approach. We recently held in *Ortega–Mendez v. Gonzales*, 450 F.3d 1010, 1020–21 (9th Cir.2006), that battery under California Penal Code sections 242 and 243(e)(1) is not categorically a "crime of violence." Battery under those sections, which only requires the "least touching," is broader and does not fall within the federal definition of "crime of violence" under 18 U.S.C. § 16(a), which requires force that is actually "violent" in nature. *See id.* at 1015–17. Servin's domestic battery conviction also does not qualify as a "crime of violence" under the modified categorical approach. The documents we may consult under a modified approach provide only that Servin was convicted of a violation of California Penal Code section 243(e)(1) for "battery agnst frmr spse/fiancé [sic]." They do not indicate the amount of force or violence used.

Accordingly, we hold that the BIA abused its discretion by denying Servin's motion to reconsider. Because the BIA did not determine whether Servin was otherwise statutorily eligible for cancellation of removal, we remand for a determination of that question, and, if he is eligible, for a determination of whether the agency should, as a matter of discretion, grant him relief. *See INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION FOR REVIEW GRANTED; REMANDED TO THE BIA.**