**Gorgonio ARON–VASQUEZ, aka Aaron, Gorgonio, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74656.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 28, 2007.*

Filed July 9, 2008.

Jan Joseph Bejar, for Petitioner.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Dalin Holyoak, DOJ–U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

### MEMORANDUM **

Gorgonio Aron–Vasquez, a native and citizen of Mexico, petitions for review from the affirmance by the Board of Immigration Appeals (BIA) of the decision of an Immigration Judge (IJ) finding Aron–Vasquez statutorily ineligible for cancellation of removal because he had committed a crime of domestic violence. *See* 8 U.S.C. § 1227(a)(2)(E)(i). We have jurisdiction to consider the legal question whether Aron–Vasquez's conviction was a "crime of violence" under 18 U.S.C. § 16 and therefore a crime of domestic violence, and we review de novo. *See Ortega–Mendez v. Gonzales*, 450 F.3d 1010, 1013 (9th Cir.2006).

Aron–Vasquez pled guilty to Count 2 of an eight-count criminal complaint, which reads as follows:

SECOND COUNT: PC242–243(e)(1): BATTERY

That on or about November 3, 2004, in the City of San Diego, County of San Diego, State of California, a misdemeanor was committed by said defendant, who did willfully and unlawfully use force or violence against a spouse ... in

violation of Penal Code section 242/243(e)(1), TO WIT: STRUCK VICTIM'S NECK WITH BELT.

[AR p. 204] His plea agreement states in paragraph 1 that Aron–Vasquez pleads guilty to Count 2, and in paragraph 19 states "I now plead guilty ... and admit the charges, convictions, and violations of probation described in paragraph #1, above, because I am guilty." The IJ held that this was a domestic violence conviction barring Aron–Vasquez from cancellation of removal, and the BIA dismissed his appeal, concluding that his conviction qualified as "a domestic offense that qualifies as a 'crime of violence.'"

"[B]attery under California Penal Code section 242 is not categorically a 'crime of violence' within the meaning of 18 U.S.C. § 16." *Ortega–Mendez*, 450 F.3d at 1018. We therefore proceed to a "modified categorical approach in which we can conduct a limited examination of documents in the record of conviction to determine whether [Aron–Vasquez] was convicted of the necessary elements constituting a crime of violence." *Malta–Espinoza v. Gonzales*, 478 F.3d 1080, 1082 (9th Cir.2007) (internal quotations omitted) (examining documents in the administrative record).

The administrative record clearly demonstrates that Aron–Vasquez pled guilty to hitting his wife with a belt in the neck. He pled guilty to Count 2, which included the description of the offense, and did not in any way limit his admission. We agree with the BIA that Aron–Vasquez's "binding admission that he 'STRUCK VICTIM'S NECK WITH BELT' constituted a reasonable basis for the Immigration Judge to conclude that the force the respondent employed was actually violent in

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nature." His offense was therefore a crime of domestic violence, barring him from cancellation of removal.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.