**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: AMY & VICKY, Child
Pornography Victims.

AMY & VICKY, Child Pornography
Victims,
                     *Petitioners,*

            v.

UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF WASHINGTON, SEATTLE,
                     *Respondent,*

JOSHUA OSMUN KENNEDY,
            *Real Party in Interest.*

No. 12-73414

D.C. No.
2:08-cr-00354-
RAJ-1

OPINION

Petition for Writ of Mandamus to the
United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted October 23, 2012*

Filed October 24, 2012

Before: Ronald M. Gould, Richard R. Clifton, and
Jay S. Bybee, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Paul G. Cassell, Appellate Clinic, S.J. Quinney College of Law at the University of Utah, Salt Lake City, Utah, for the petitioners.

Suzanne Lee Elliott, Law Offices of Suzanne Lee Elliott, Seattle, Washington, for real party in interest Joshua Kennedy.

Catherine Lynskey Crisham, Assistant U.S. Attorney, Office of the U.S. Attorney, Seattle, Washington, for the United States.

## OPINION

PER CURIAM:

This is a petition for a writ of mandamus filed pursuant to 18 U.S.C. § 3771, the Crime Victims Rights Act ("CVRA").[1]

[1] This matter has previously been on appeal, *see United States v. Kennedy*, 643 F.3d 1251 (9th Cir. 2011) ("*Kennedy*"), and a three-judge panel of this court affirmed defendant's conviction and sentence but vacated the prior restitution order entered by the district court. In so doing, the panel applied *United States v. Laney*, 189 F.3d 954, 965 (9th Cir. 1999) (holding that 18 U.S.C. § 2259 "incorporates a requirement of proximate causation" based in part on the "proximate result" language in 18 U.S.C. § 2259(b)(3)(F)), and concluded that for purposes of determining causation, "a court must identify a causal connection between the defendant's offense conduct and the victim's specific losses" before awarding restitution under 18 U.S.C. § 2259. *See Kennedy*, *supra*, 643 F.3d at 1262. The panel then remanded for further proceedings.

On remand, the district court denied restitution to petitioner "Amy" but awarded petitioner "Vicky" $4,545.08 in restitution on August 24, 2012 and October 11, 2012, respectively.

---

[1]Petitioners' motion to file a reply memorandum in support of the mandamus petition is granted. The reply has been filed.

Petitioners Amy and Vicky challenge these district court orders.

In reviewing CVRA mandamus petitions, this court "must issue the writ whenever we find that the district court's order reflects an abuse of discretion or legal error," and we need not balance the factors outlined in *Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977) in deciding these petitions. *Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1017 (9th Cir. 2006).

**[2]** Petitioners contend that this court erroneously decided *Kennedy*, and urge us to overrule *Kennedy* and reverse the district court's restitution orders. Petitioners note that the Fifth Circuit, sitting en banc, recently held that:

> § 2259 only imposes a proximate result requirement in § 2259(b)(3)(F); it does not require the Government to show proximate cause to trigger a defendant's restitution obligations for the categories of losses in § 2259(b)(3)(A)-(E). Instead, with respect to those categories, the plain language of the statute dictates that a district court must award restitution for the full amount of those losses.

*In re Unknown*, ___ F.3d ___, 2012 WL 4477444, at *1 (5th Cir. Oct. 1, 2012) (en banc).

**[3]** While we acknowledge that the Fifth Circuit adopted a different statutory interpretation of 18 U.S.C. § 2259 than that in *Laney* and *Kennedy,* those cases remain binding on this panel absent "intervening higher authority" that is "clearly irreconcilable" with our circuit precedent. *Miller v. Gammie*, 335 F.3d 889, 893, 900 (9th Cir. 2003) (en banc). A decision from the Fifth Circuit, our sister circuit, is not "intervening higher authority" and does not authorize us to abandon a prior panel opinion. *See Ortega-Mendez v. Gonzales,* 450 F.3d 1010, 1019 (9th Cir. 2006) (noting that intervening higher

authority includes decisions of the Supreme Court and of this court sitting en banc). Indeed, petitioners concede as much in their petition. To change the law of this circuit, petitioners must raise this issue in a petition for rehearing en banc or in a petition for writ of certiorari at the United States Supreme Court. Accordingly, this petition for a writ of mandamus is denied.

**DENIED.**