**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50061 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-01925-AJB-1 |
| v. | |
| ADRIAN ESPINOZA-ESTRADA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted January 10, 2014
Pasadena, California

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

Adrian Espinoza-Estrada appeals his conviction under 8 U.S.C. § 1326 for

attempted illegal reentry following removal. Espinoza-Estrada collaterally attacks

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

the 1998 removal order underlying his conviction.  *See* 8 U.S.C. § 1326(d).  We reverse and remand with instructions to dismiss the indictment.

The Government does not dispute that if Espinoza-Estrada was not removable as charged in 1998, he has satisfied his burden under § 1326(d).  The Government argues only that he has waived the issue.  We reject the Government's waiver argument.  We have discretion to consider an issue not raised below when it "is purely legal, and the other party would not be prejudiced." *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 996 n.5 (9th Cir. 2007).  Although Espinoza-Estrada did not argue before the district court that he was not removable as charged, the issue is purely legal and was clearly argued in his opening brief.  The Government had a full and fair opportunity to respond, and it has not shown any way in which it was prejudiced by Espinoza-Estrada's failure to raise the issue below.  *See United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009).

We agree with Espinoza-Estrada that he was not removable as charged.  *See United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006).  Espinoza-Estrada was removed on the basis of his 1997 conviction for misdemeanor domestic battery in violation of California Penal Code §§ 242 and 243(e)(1).  As we later held in *Ortega-Mendez v. Gonzales*, 450 F.3d 1010 (9th Cir. 2006), that offense is not categorically a "crime of violence" authorizing removal under 8

2

U.S.C. § 1227(a)(2)(E)(i). *Ortega-Mendez*, 450 F.3d at 1016–18. Espinoza-Estrada therefore was not removable on the basis of his 1997 domestic battery conviction. *See Camacho-Lopez*, 450 F.3d at 930. That is true regardless of the fact that we decided *Ortega-Mendez* after his removal proceedings. *See id.* at 929–30 (applying a subsequent decision to collateral review of an underlying removal proceeding); *accord United States v. Cervantes-Gonzales*, 238 F. App'x 278, 280 (9th Cir. 2007).

**REVERSED and REMANDED.**