NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HELIO ESCOBAR-CUELLAR, a.k.a. Helio Balmore Escobar Cuellar, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-73317 <br><br> Agency No. A094-317-517 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 6, 2016
Pasadena, California

Before: M. SMITH and NGUYEN, Circuit Judges, and GORDON,[**] District Judge.

Helio Escobar-Cuellar petitions for review of a decision by the Board of

Immigration Appeals (BIA) denying his applications for asylum, withholding of

removal, and cancellation of removal. We have jurisdiction under 8 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Andrew P. Gordon, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

1252(a), and we deny the petition.

The BIA properly determined that Escobar-Cuellar was ineligible for cancellation of removal because he was previously convicted of a crime involving moral turpitude ("CIMT") for which a sentence of one year or longer may be imposed. *See* 8 U.S.C. § 1229b(b)(1)(C); 8 U.S.C. § 1227(a)(2)(i). Namely, Escobar-Cuellar pled guilty to felony grand theft, a crime punishable under California law by up to three years. Cal. Penal Code § 489. Escobar-Cuellar argues that his conviction was converted to a misdemeanor by operation of California Penal Code § 17(b)(1), but § 17(b)(1) does not apply where, as here, the imposition of sentence was suspended.[1] *See United States v. Robinson*, 967 F.2d 287, 293 (9th Cir. 1992), *recognized as overruled in other part by Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1019–20 (9th Cir. 2006). Therefore, because the record shows that Escobar-Cuellar was convicted of CIMT for which a three-year sentence could

---

[1] At oral argument, Escobar-Cuellar's counsel for the first time asked the court to take judicial notice of a transcript of a state court oral decision, dated April 22, 2016, granting a motion to reduce his conviction to a misdemeanor under California Penal Code § 17(b)(3). Because our review is limited to the administrative record, this request for judicial notice is denied. *Fisher v. INS*, 79 F.3d 955, 964 (9th Cir. 1996). To seek consideration of this new evidence, Escobar-Cuellar's proper course of action is to seek to reopen the proceedings below.

have been imposed, the BIA properly found that he was ineligible for cancellation of removal.

Substantial evidence supports the BIA's denial of Escobar-Cuellar's application for withholding of removal. The BIA's determination that any persecution suffered by Escobar-Cuellar was on account of his membership in the army, not his political opinion, is supported by the record. Absent any evidence that the guerillas singled out Escobar-Cuellar for his political opinion, evidence of generalized antagonism toward him as an army member does not constitute persecution on a protected ground. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1030 (9th Cir. 2000) (rejecting the petitioner's argument that the guerillas had imputed "pro-government, anti-communist political beliefs to him," and instead concluding that the petitioner "fail[ed] to link his persecution to anything other than his status as a police officer").

Finally, we note that Escobar-Cuellar did not challenge on appeal the agency's decision denying his asylum application as untimely.

**PETITION FOR REVIEW DENIED.**