**NOT FOR PUBLICATION**

# FILED



## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50157 |
| Plaintiff-Appellee, | D.C. No. 16-cr-02836-LAB |
| v. | |
| PEDRO ANAYA-GRANADOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 5, 2017[**]
Pasadena, California

Before: D.W. NELSON and REINHARDT, Circuit Judges, and STEEH,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Appellant Pedro Anaya-Granados appeals his 18 month sentence for illegal reentry. For the reasons stated below, we **AFFIRM** the district court.

**1.** The California statute governing driving under the influence of alcohol with three or more prior DUI convictions within the past 10 years is a wobbler. *People v. Martinez*, 62 Cal. App. 4th 1454, 1463 (1998). Wobbler offenses may be classified as either a felony or a misdemeanor. *Ewing v. California*, 538 U.S. 11, 16 (2003). They are presumptively felonies, however, and remain felonies unless discretion is actually exercised to make the offense a misdemeanor. *Id.* Examples of this discretion are listed in Cal. Penal Code § 17(b). Anaya-Granados argues that his 2008 offense should be a misdemeanor under § 17(b)(1), which states that a wobbler is a misdemeanor for all purposes "[a]fter a judgment imposing a punishment other than imprisonment in the state prison." Unfortunately for Appellant, in California a suspended sentence and probation do not result in entry of a judgment within the meaning of Cal. Penal Code § 17(b)(1). *United States v. Robinson*, 967 F.2d 287, 293 (9th Cir. 1992), *recognized as overruled on other grounds by Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1018-20 (9th Cir. 2006). Anaya-Granados' 2008 offense is, therefore, properly classified as a felony. The

district court correctly applied the four level enhancement provided by USSG § 2L1.2(b)(3)(D).

**2.** A district court's denial of a Fast Track Guideline reduction is not reviewed for procedural reasonableness, but only as part of this Court's review of the substantive reasonableness of the sentence. *United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). Although the district court did not grant Anaya-Granados a Fast Track Guideline reduction, the 18-month sentence, at the low end of Anaya-Granados' guideline range, is reasonable given his deportation history and prior convictions for illegal reentry and drunk driving.

**AFFIRMED**[1].

---

[1] Appellee's motion for judicial notice is DENIED AS MOOT.