**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR PAZ-NEGRETE, AKA Cesar Paz, AKA Cesar Negrete Paz,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 16-73889<br><br>Agency No. A019-342-111<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2023[**]
Pasadena, California

Before: BYBEE and CHRISTEN, Circuit Judges, and FITZWATER,[***] District

Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Cesar Paz-Negrete petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from an Immigration Judge's (IJ) decision finding him removable based on an aggravated felony conviction and denying his applications for asylum, withholding, and protection under the Convention Against Torture (CAT). On appeal, Paz-Negrete has also filed a motion to remand for termination of his removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review and the motion to remand.

1. As a threshold matter, Paz-Negrete argues in his motion to remand that the immigration court lacked jurisdiction because his Notice to Appear (NTA) did not state the time and date of his removal hearing. This argument is foreclosed by our en banc decision in *United States v. Bastide-Hernandez*, which held that a defective NTA does not deprive the immigration court of jurisdiction. 39 F.4th 1187, 1193–94 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023).

2. Next, Paz-Negrete argues the IJ erred by finding him removable based on an aggravated-felony conviction. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). Paz-Negrete was convicted of violating California Penal Code § 245(a)(1), which criminalizes "an assault upon the person of another with a deadly weapon or instrument other than a firearm." The IJ concluded this conviction constituted an aggravated felony

2

because § 245(a)(1) is a "crime of violence." *See* 8 U.S.C. § 1101(a)(43)(F). 8 U.S.C. § 16(a) defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The generic federal definition of "crime of violence" requires both violent force and intentional or knowing conduct. *See Johnson v. United States*, 559 U.S. 133, 140 (2010); *Leocal v. Ashcroft*, 543 U.S. 1, 9–11 (2004); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1130 (9th Cir. 2006) (en banc); *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1016–17 (9th Cir. 2006); *see also Borden v. United States*, 141 S. Ct. 1817, 1833 (2021).

Paz-Negrete argues that § 245(a)(1) is broader than § 16(a) because its elements can be satisfied by an offensive touching or reckless or negligent conduct, but our court rejected both those arguments in *United States v. Grajeda*, 581 F.3d 1186, 1189–97 (9th Cir. 2009), and *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1065–68 (9th Cir. 2018). Paz-Negrete asserts that *Grajeda* and *Vasquez-Gonzalez* are distinguishable because those cases examined the 1995 version of § 245(a)(1), which criminalized assault "with a deadly weapon or instrument other than a firearm *or* by any means of force likely to produce great bodily injury." *See* Cal. Penal Code § 245(a)(1) (1995) (emphasis added). The 1995 statute was later amended to omit the second element, *Vasquez-Gonzalez*, 901 F.3d at 1068 & n.8,

3

and Paz-Negrete was convicted under the modern version of the statute. But because the element removed was "defined in the disjunctive," *Grajeda*, 581 F.3d at 1191, the amendment could not change *Grajeda*'s and *Vasquez-Gonzalez*'s conclusions that a § 245(a)(1) conviction is encompassed by § 16(a)'s definition of "crime of violence." Because *Grajeda* and *Vasquez-Gonzalez* are binding authority, we conclude the IJ correctly determined that Paz-Negrete's § 245(a)(1) conviction constituted an aggravated felony.

3. Last, we conclude substantial evidence supports the agency's denial of CAT relief. As both the IJ and BIA noted, the past harm Paz-Negrete suffered likely does not rise to the level of torture given his minimal injuries. *See* 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture."); *see also Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007) (concluding "it is not clear" on substantial-evidence review that severe beating would "rise to the level of torture"). As to Paz-Negrete's future likelihood of torture, the agency's finding is supported by the facts that Paz-Negrete visited Tijuana numerous times with no incident for over a decade and did not show he was unable to live in other Mexican states. Though the country-conditions report that Paz-Negrete submitted described incidents of

4

torture by Mexican government officials and organized criminal groups, this evidence did not suffice to meet Paz-Negrete's burden of showing he faced an individualized risk of torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (holding that "generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard").

**PETITION FOR REVIEW AND MOTION TO REMAND DENIED.**