**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE: AMY & VICKY, Child Pornography Victims. | No. 13-70858 |
| | D.C. No. 2:11-cr-00542-GEB-1 |
| AMY & VICKY, Child Pornography Victims, | |
| *Petitioners*, | OPINION |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO, *Respondent*, | |
| JOSEPH CANTRELLE, *Real Party in Interest*. | |

Petition for Writ of Mandamus to the
United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Submitted March 8, 2013*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed March 18, 2013

Before:  Harry Pregerson, Susan P. Graber, and
Carlos T. Bea, Circuit Judges.

Per Curiam Opinion

## SUMMARY[**]

### Criminal Law

A motions panel issued a per curiam opinion denying in part and granting in part a petition for a writ of mandamus challenging the district court's denial of restitution.

The panel wrote that *United States v. Kennedy*, 643 F.3d 1251 (9th Cir. 2011), which required a proximate causation between the defendant's offense conduct and the victim's losses, is binding on the panel, notwithstanding a different interpretation of 18 U.S.C. § 2259 by the Fifth Circuit; and that the district court therefore did not err in imposing a proximate cause requirement when applying 18 U.S.C. § 2259(b)(3).

The panel held that the district court abused its discretion in refusing to order any restitution. The panel wrote that its review of the record demonstrates that petitioners provided sufficient evidence to establish a causal connection between defendant's offense and petitioners' losses.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Paul Cassell, Appellate Clinic, S.J. Quinney College of Law at the University of Utah, Salt Lake City, Utah, for Petitioners.

Camil Skipper, Assistant United States Attorney, Office of the United States Attorney, Sacramento, California, for Respondent.

Kresta Nora Daly, Barth Tozer & Daly, LLP, Sacramento, California, for Real Party in Interest.

---

**OPINION**

PER CURIAM:

This is a petition for a writ of mandamus filed pursuant to 18 U.S.C. § 3771, the Crime Victims' Rights Act ("CVRA").[1]

In reviewing CVRA mandamus petitions, this court "must issue the writ whenever we find that the district court's order reflects an abuse of discretion or legal error," and we need not balance the factors outlined in *Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977), in deciding these petitions. *Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1017 (9th Cir. 2006).

---

[1] Respondent's ex parte motion to file its appendix under seal is granted. The Clerk shall file the appendix under seal and it shall not be available to any other parties to this petition.

On February 22, 2013, the district court denied restitution to petitioners "Amy" and "Vicky." Petitioners challenge this denial. Petitioners contend the district court erred in applying *United States v. Kennedy*, 643 F.3d 1251 (9th Cir. 2011). In *Kennedy*, this court required a proximate causation between the defendant's offense conduct and the victim's losses. *See id*. at 1263. Petitioners also claim that the district court erred in not awarding them any restitution.

Petitioners urge us to overrule *Kennedy* on the ground that 18 U.S.C. § 2259 does not impose a general proximate cause requirement. Petitioners note that the Fifth Circuit, sitting en banc, recently held:

> [A] plain reading of § 2259 leads us to the following conclusion: Once a district court determines that a person is a victim, . . . § 2259 requires the district court to order restitution for that victim.

*In re Unknown*, 701 F.3d 749, 762 (5th Cir. 2012) (en banc), *petitions for cert. filed*, _ U.S.L.W. _ (U.S. Jan. 31, 2013) (Nos. 12-8505, 12-8561).

While we acknowledge that the Fifth Circuit adopted a different interpretation of 18 U.S.C. § 2259, *Kennedy* remains binding on us in the absence of "intervening higher authority" that is "clearly irreconcilable" with our circuit precedent. *Miller v. Gammie*, 335 F.3d 889, 893, 900 (9th Cir. 2003) (en banc). A decision from the Fifth Circuit, our sister circuit, is not "intervening higher authority" and does not authorize us to abandon a prior panel opinion. *See Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1019 (9th Cir. 2006) (noting that intervening higher authority includes decisions of the

Supreme Court and of this court sitting en banc). Accordingly, the district court did not err in imposing a proximate cause requirement when applying 18 U.S.C. § 2259(b)(3) and, in this respect, the petition is denied.

However, the district court abused its discretion in refusing to order any restitution. During the sentencing hearing, with respect to restitution, the district court adopted the presentence report's ("PSR") recommendation. The PSR did not recommend restitution under *Kennedy* only because the writer of the report concluded that he lacked sufficient information to show that the Government had met its burden of establishing a causal connection. Our review of the record demonstrates that petitioners provided sufficient evidence to establish a causal connection between defendant's offense and petitioners' losses. Accordingly, the petition is granted in part.

The district court shall vacate the judgment with respect to restitution and shall conduct such further proceedings as may be appropriate to determine an amount of restitution to be paid to Amy and Vicky.

**DENIED in part; GRANTED in part, and REMANDED with instructions.**