**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE: AMY & VICKY, Child Pornography Victims. | No. 13-71486 |
| | D.C. No. 2:11-cr-00542-GEB-1 |
| AMY & VICKY, Child Pornography Victims,<br>*Petitioners*, | |
| v. | OPINION |
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO,<br>*Respondent*, | |
| JOSEPH CANTRELLE,<br>*Defendant-Real Party in Interest*, | |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Real Party in Interest*. | |

Petition for Writ of Mandamus to the
United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Submitted May 1, 2013[*]

Filed May 3, 2013

Before:  Stephen S. Trott, Richard A. Paez, and
Jacqueline H. Nguyen, Circuit Judges.

Per Curiam Opinion

---

## SUMMARY[**]

### Criminal Law

A motions panel denied a petition for writ of mandamus brought by child pornography victims challenging the methodology applied by the district court on remand in determining the amount of restitution.

The panel held that the district court did not commit legal error or abuse its discretion in declining to impose joint and several liability on the defendant for all of their losses.  The panel also noted that there is no intervening higher authority that is clearly irreconcilable with *United States v. Kennedy*, 543 F.3d 1251 (9th Cir. 2011), which therefore remains binding.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Paul Cassell, Appellate Clinic, S.J. Quinney College of Law at the University of Utah, Salt Lake City, Utah; James R. Marsh, Marsh Law Firm, PLLC, White Plains, New York; and Carol L. Hepburn, Carol L. Hepburn PS, Seattle, Washington, for Petitioners.

Benjamin B. Wagner, United States Attorney, and Camil Skipper, Assistant United States Attorney, Office of the United States Attorney, Sacramento, California, for Plaintiff-Real Party in Interest.

Kresta Nora Daly, Barth Tozer & Daly, LLP, Sacramento, California, for Defendant-Real Party in Interest.

**OPINION**

PER CURIAM:

Amy and Vicky, child pornography victims, petition for a writ of mandamus pursuant to 18 U.S.C. § 3771, the Crime Victims Rights Act ("CVRA"). Finding no legal error or abuse of discretion, we deny the petition.

This matter was previously before the court in a CVRA petition that challenged the district court's denial of restitution to petitioners "Amy" and "Vicky." *See In re: Amy ("Amy I")*, 710 F.3d 985, 986 (9th Cir. 2013) (per curiam). We denied petitioners' request to overrule *United States v. Kennedy*, 643 F.3d 1251 (9th Cir. 2011), noting that *Kennedy* remains binding on this court in the absence of intervening higher authority that is clearly irreconcilable with our circuit

precedent. 710 F.3d at 987. *Kennedy* requires a court to "identify a causal connection between the defendant's offense conduct and the victim's specific losses" before awarding restitution pursuant to 18 U.S.C. § 2259. 643 F.3d at 1262. The *Amy I* court concluded, however, that "the district court abused its discretion in refusing to order any restitution," finding petitioners had "provided sufficient evidence to establish a causal connection between defendant's offense and petitioners' losses." 710 F.3d at 987. The court remanded for further proceedings to determine the amounts of restitution to be awarded to Amy and Vicky. *Id.*

On remand, the district court adopted the approach for determining restitution suggested by the Sixth Circuit in *United States v. Gamble*, 709 F.3d 541, 553–54 (6th Cir. 2013). Specifically, the district court determined the relevant "pool" of each victim's provable losses by excluding any losses incurred prior to the offense date, then divided that pool of losses by the number of standing restitution orders. Utilizing that methodology, the district court awarded petitioner Amy $17,307.44 and petitioner Vicky $2,881.05 in restitution. Petitioners challenge the district court's order.

In reviewing a CVRA mandamus petition, this court "must issue the writ whenever we find that the district court's order reflects an abuse of discretion or legal error," and need not balance the factors outlined in *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977), in deciding these petitions. *Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1017 (9th Cir. 2009).

Petitioners first contend that the district court applied an improper methodology for determining the appropriate amount of restitution to be awarded. Because 18 U.S.C.

§ 2259(b)(1) directs that an "order of restitution under this section shall direct the defendant to pay the victim . . . the full amount of the victim's losses," petitioners assert that the district court's award of only a portion of the requested restitution contravenes the plain language of the statute. Petitioners urge us to reverse the district court's restitution order and impose joint and several liability on defendant Joseph Cantrelle for all of their losses. Petitioners also reassert their argument that *Kennedy* was wrongly decided and should be overruled.

The district court did not commit legal error or abuse its discretion in declining to impose joint and several liability in this case. The appropriate method for calculating a restitution award under 18 U.S.C. § 2259 is an open question in this Circuit. *See Kennedy*, 643 F.3d at 1265. Nowhere in 18 U.S.C. §§ 2259 or 3664(h), the general federal criminal restitution statute, is joint and several liability expressly authorized. Further, numerous sister courts have concluded that § 3664(h) only allows for joint and several liability where the defendants from whom joint liability is sought are defendants in the same case. *See, e.g.*, *United States v. Fast*, 709 F.3d 712, 723 n.6 (8th Cir. 2013); *United States v. Laraneta*, 700 F.3d 983, 992–93 (7th Cir. 2012); *United States v. Aumais*, 656 F.3d 147, 156 (2d Cir. 2011).

Moreover, there is a clear split in authority on this issue. Several circuit courts have expressly declined to impose joint and several liability in the context of a restitution award under 18 U.S.C. § 2259(b)(1). *See, e.g.*, *Gamble*, 709 F.3d at 552; *Fast*, 709 F.3d at 723 n.6; *Aumais*, 656 F.3d at 156. Of the circuit courts to consider the issue, only the Fifth Circuit has imposed joint and several liability for restitution pursuant to § 2259. *See In re Amy Unknown*, 701 F.3d 749, 769–71

(5th Cir. 2012) (en banc), *petitions for cert. filed*, __ U.S.L.W. __ (U.S. Jan 31, 2013) (Nos. 12-8505, 12-8561). The Fifth Circuit, however, simultaneously rejected the proximate cause requirement adopted by this court in *Kennedy*. *See* 701 F.3d at 765–66. Under these circumstances, the district court did not err in declining to impose joint and several liability.

Petitioners' request that this court overrule *Kennedy* was previously considered and denied. *See Amy I*, 710 F.3d at 987. Absent "intervening higher authority" that is "clearly irreconcilable" with our circuit precedent, *Kennedy* remains binding on this panel. *Miller v. Gammie*, 335 F.3d 889, 893, 900 (9th Cir. 2003) (en banc). No such authority exists. Indeed, petitioners concede as much in their petition and merely seek to preserve the issue for future proceedings in this court or before the United States Supreme Court. Accordingly, the petition for a writ of mandamus is denied.

**DENIED**.