[Crim. No. 31116. Second Dist., Div. Five. Mar. 7, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
GREGORY ANTHONY HOPKINS, Defendant and Appellant.

318

**COUNSEL**

Paul Halvonik, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, and Edward H. Schulman, Deputy State Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Frederick R. Millar, Jr., and William R. Weisman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HASTINGS, J.**—Defendant, after a jury trial, was convicted of attempted robbery, a violation of Penal Code sections 664/211 (count I) and assault by means of force likely to produce great bodily injury in violation of section 245, subdivision (a) (count II). Probation was denied, and as to each count defendant was sentenced to state prison for the term prescribed by law; sentence as to count I was, however, stayed pending

determination of any appeal on count II, such stay to become permanent upon completion of the sentence on count II.

Resolution of this appeal does not require detailed recitation of the facts. Defendant and a companion were observed by two Los Angeles police officers to be involved in a scuffle with a third man, Hector Agraz. The two were on top of Agraz, swinging and kicking at him. Upon seeing the officers, the assailants fled from the scene. Defendant was apprehended by one of the officers, while his companion escaped.

The victim later identified defendant as one of his assailants. The assault came when Agraz returned to his car after defendant and his companion had removed a CB radio from Agraz' car. While Agraz was being assaulted, the two constantly kept asking him for his wallet.

The victim's injuries apparently were not serious. He suffered a cut on the forehead, which required no stitches, a bloody and swollen nose, and puffed eyes.

■ Defendant contends that he was improperly convicted under Penal Code section 245, subdivision (a), because that offense was "preempted" by the enactment of Penal Code section 243. He argues that the "special" crime of battery causing serious bodily injury (felony battery, for convenience) concerns and conflicts with the same matter as the "general" crime of assault by means of force likely to produce great bodily injury. This conflict therefore precludes prosecution under the general statute. We disagree.

■ Whether a specific statute supplants a general statute is basically a matter of legislative intent. (*Gilbert* v. *Municipal Court,* 73 Cal.App.3d 723, 726 [140 Cal.Rptr. 897].) Absent an express legislative declaration, this intent is evidenced by whether the two statutes deal with the same subject matter (*In re Williamson,* 43 Cal.2d 651, 654 [276 P.2d 593]), and whether all of the elements of the general statute are included in the special statute. (*People* v. *Ruster,* 16 Cal.3d 690, 694 [129 Cal.Rptr. 153, 548 P.2d 353].)

■ In the instant case, it is apparent that the two statutes in question do not cover the same subject matter. In *People* v. *Muir,* 244 Cal.App.2d 598 [53 Cal.Rptr. 398], the court examined the purpose of section 245. It concluded at page 604 that the statute "prohibits an assault by means of force *likely* to produce great bodily injury, not the

use of force which does *in fact* produce such injury." (Italics in original.) (Accord *People* v. *Rupert,* 20 Cal.App.3d 961, 967 [98 Cal.Rptr. 203].)

In contrast, section 243 focuses on the actual injury inflicted, not on the force used. This focus on the injury is plainly seen from the words of the statute. "When it [a battery] is committed against a person and serious bodily injury is inflicted on such person, the offense shall be punished by imprisonment. . . ."

The conclusion that the two statutes do not cover the same subject matter is even more clearly seen in the light of the facts of this case. The victim here suffered a cut on the forehead, puffed eyes and a swollen and bloody nose. This does not seem to be "great bodily harm" within the meaning of section 243. In effect, defendant is arguing that he should have been charged with a crime he did not commit.

■ The crime of assault by means of force likely to produce great bodily injury is completed before any injury is inflicted. (*People* v. *Wingo,* 14 Cal.3d 169, 176 [121 Cal.Rptr. 97, 534 P.2d 1001].) It is enough that the force used is likely to cause serious bodily injury. No injury is necessary. ■ The two statutes clearly cover two different offenses. It is immaterial that a particular defendant's actions may constitute a violation of both statutes. (*People* v. *Churchill,* 255 Cal.App.2d 448, 453 [63 Cal.Rptr. 312], overruled on other grounds in *People* v. *Bauer,* 1 Cal.3d 368, 378 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398].)

Further, all the elements of the so-called general statute are not included in the special statute. Defendant concedes that "technically" force likely to cause serious bodily injury is not a requirement of section 243. Defendant nevertheless argues that the Legislature contemplated that felony battery could be committed by such force. He cites numerous examples where general crimes with additional elements have been held to be preempted in cases where the Legislature could reasonably expect the special statute to be violated by means of the commission of the general crime.

However, defendant does not demonstrate this contemplation of the Legislature. The statute (§ 243) makes a felony of the act of battery which results in serious bodily harm to the victim no matter what means or force was used. This is clear from the plain meaning of the statute. Thus, the statute is able to punish, as a felony, those assaults and batteries outside the purview of section 245. For example, with the

enactment of section 243, the thief who pushes an elderly lady to the sidewalk in an effort to grab her purse, could be convicted of a felony if the victim broke her hip in the fall. Such an action might be hard to prove under the requirements of section 245 in that the People would have to prove that the force used was likely to have caused serious bodily injury. Section 243 was enacted to fill this gap in the law of assault and battery.

■ Defendant's second and final contention is that the trial court erred in not instructing the jury on the meaning of the term "great bodily harm." He argues that this failure is reversible error, since physical injury was inflicted and the nature and the extent of the injury were relevant in determining the amount of force used.

However, even if we assume that the failure to give such an instruction was error (Cf. *People* v. *Poulin,* 27 Cal.App.3d 54, 63 [103 Cal.Rptr. 623]), it is clear that such error did not result in a miscarriage of justice. (*People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].) The evidence shows that defendant and his companion knocked the victim to the ground and then proceeded to beat and kick him in the head until the police arrived. The victim was hit at least eight times in the front and back of his head. The force used against the victim under these circumstances can only be categorized as a force likely to cause serious bodily harm. The victim could very easily have been killed or paralyzed by the blows to his head or perhaps blinded by a kick to the eye. This attack could have left him seriously and permanently hurt or disabled. It cannot be said that it appears to be reasonably probable that the jury would have made a determination more favorable to defendant had such an instruction been given. There was no prejudicial error.

The judgment is affirmed.

Stephens, Acting P. J., and Ashby, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 4, 1978.