**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

CRISTOBAL COLON-ARREOLA, AKA
Gustavo Colon, AKA Cristobal
Colon-Arreloa,
*Defendant-Appellant*.

No. 13-10341

D.C. No.
4:12-cr-02541-
DCB-LAB

OPINION

Appeal from the United States District Court
for the District of Arizona
James G. Carr, District Judge, Presiding

Argued and Submitted
April 9, 2014—San Francisco, California

Filed May 22, 2014

Before: Mary M. Schroeder and Consuelo M. Callahan,
Circuit Judges, and Robert W. Pratt, Senior District Judge.[*]

Opinion by Judge Pratt

---

[*] The Honorable Robert W. Pratt, Senior United States District Judge for the U.S. District Court for the Southern District of Iowa, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed a sentence for illegal reentry after deportation in a case in which the defendant challenged the district court's application of an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior conviction for battery with injury on a peace officer in violation of California Penal Code § 243(c)(2).

The panel held that a conviction under § 243(c)(2) is a categorical crime of violence under § 2L1.2 because a person cannot be convicted under § 243(c)(2) unless he willfully and unlawfully applies force sufficient to not just inflict a physical injury on the victim, but to inflict a physical injury severe enough that it requires professional medical treatment.

### COUNSEL

Matthew J. McGuire, Patagonia, Arizona, for Defendant-Appellant.

Brian Robert Decker, Assistant United States Attorney, Office of the United States Attorney, Tucson, Arizona, for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

PRATT, District Judge:

## INTRODUCTION

Cristobal Colon-Arreola ("Colon-Arreola") appeals his sentence for illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326. In particular, Colon-Arreola challenges the district court's application of a sixteen-level enhancement under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2L1.2(b)(1)(A)(ii) based on his prior conviction for battery with injury on a peace officer in violation of California Penal Code § 243(c)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because we conclude that California Penal Code § 243(c)(2) is a categorical crime of violence under U.S.S.G. § 2L1.2, we affirm Colon-Arreola's sentence.

## STANDARD OF REVIEW

We review de novo a district court's determination that a prior conviction constitutes a "crime of violence" under U.S.S.G. § 2L1.2. *United States v. Bolanos-Hernandez*, 492 F.3d 1140, 1141 (9th Cir. 2007) (citing *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 856 (9th Cir. 2005)).

## DISCUSSION

Section 2L1.2 of the Guidelines provides that a base offense level of eight applies to violations of 8 U.S.C. § 1326. *See* U.S.S.G. § 2L1.2 cmt. statutory provisions (2012). A sixteen-level enhancement is applicable if a defendant's prior deportation occurred following a felony conviction for a

crime of violence.  U.S.S.G. § 2L1.2(b)(1)(A)(ii).  A "crime of violence" is defined in the Commentary as:

> any of the following offenses under federal, state, or local law:  murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses . . . statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).

To determine whether Colon-Arreola's conviction for battery on a peace officer qualifies as a crime of violence under the "catch-all" provision of § 2L1.2(b)(1)(A)(ii), we apply the framework established in *Taylor v. United States*, 495 U.S. 575 (1990).  This approach requires that we look "not to the facts underlying the prior conviction[]," but "only to the fact of conviction and the statutory definition of the prior offense."  *Id*. at 600, 602.  The 2L1.2 sentencing enhancement will apply categorically only if "the full range of conduct covered by [the statute] falls within the meaning of that term."  *United States v. Castillo-Marin*, 684 F.3d 914, 919 (9th Cir. 2012) (quoting *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009)).  "If the statute of conviction is overbroad—that is, if it punishes some conduct that qualifies as a crime of violence and some conduct that does not—it does not categorically constitute a crime of violence."  *Id*.

The Supreme Court has held that the "critical aspect" of a crime of violence is that it involves the use of physical force against another person. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004).[1] "Use" requires "active employment" and a "higher degree of intent than negligent or merely accidental conduct." *Id*. (explaining that it is not natural to say a person "actively employs physical force against another person by accident"). Thus, a crime may only qualify as a "crime of violence" if the use of force is intentional. *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (overruling prior cases that permitted a crime of violence to include offenses committed through the reckless or grossly negligent use of force); *cf. United States v. Laurico-Yeno*, 590 F.3d 818, 822 n.4 (9th Cir. 2010) (clarifying that *Fernandez-Ruiz* "did not hold that 'crime of violence' is limited to specific intent crimes" and that a "general intent crime can satisfy the generic definition of 'crime of violence'"). Additionally, "'the force necessary to constitute a crime of violence . . . must actually be violent in nature.'" *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1016 (9th Cir. 2006) (quoting *Singh v. Ashcroft*, 386 F.3d 1228, 1233 (9th Cir. 2004)).

A conviction for battery of a peace officer under § 243(c)(2) requires proof of the following elements: (1) the offender committed a battery, defined by California Penal Code § 242 as "any willful and unlawful use of force or violence upon the person of another"; 2) the battery was committed against a peace officer engaged in the performance of his duties; 3) knowledge by the offender that the victim

---

[1] *Leocal* was decided using the definition of "crime of violence" in 18 U.S.C. § 16(a), which this Court has found identical to the U.S.S.G. § 2L1.2 definition in all material respects. *See United States v. Grajeda*, 581 F.3d 1186, 1190 (9th Cir. 2009).

was a peace officer engaged in the performance of his duties; and 4) an injury was inflicted on the victim.**²** *See* Cal. Penal Code §§ 242, 243(c)(1)–(2).

In *Ortega-Mendez*, this Court held that misdemeanor battery under § 242 is not a categorical crime of violence because the statute does not *require* the use of violent force. 450 F.3d at 1016 ("'[F]orce *or* violence' indicates that nonviolent force suffices; otherwise the 'or' has no function." (alterations in original)). *Ortega-Mendez* is plainly distinguishable, however, because § 243(c)(2) requires proof of an element that § 242 does not, namely, that an "injury is inflicted on [a peace officer] victim."**³** The term "injury" is defined as "any physical injury which requires professional medical treatment." Cal. Penal Code § 243(f)(5). Thus, a person cannot be convicted under § 243(c)(2) unless he

---

**²** A conviction for battery under § 242 is punishable by a fine of $2,000, six months imprisonment, or both. *See* Cal. Penal Code § 243(a). Section 243 provides enhanced penalties for battery when certain additional criteria are satisfied. For instance, section 243(c)(1) provides that the maximum term of imprisonment is one year when a battery is committed against certain officials engaged in the performance of their duties, and when the "person committing the offense knows or reasonably should know that the victim is [such an official], and an injury is inflicted on that victim." Section 243(c)(2) provides for both an increased maximum fine and an increased term of imprisonment when "the battery specified in [§ 243(c)](1) is committed against a peace officer engaged in the performance of his or her duties."

**³** If a battery is committed against a peace officer that does not result in the infliction of an injury, the crime would fall under a separate provision of the statute. *See* Cal. Penal Code §243(b).

willfully[4] and unlawfully  applies force sufficient to not just inflict a physical injury on the victim, but to inflict a physical injury severe enough that it requires professional medical treatment.  Section 243(c)(2), therefore, "fits squarely within the term [crime of violence] by requiring the deliberate use of force that injures another."  *See Laurico-Yeno*, 590 F.3d at 820–22 (holding that California Penal Code § 273.5, making it a crime for "[a]ny person [to] willfully inflict[] upon [certain persons in domestic relationships] corporal injury resulting in a traumatic condition,"[5] was a categorical crime of violence for purposes of U.S.S.G. § 2L1.2).

## CONCLUSION

For the foregoing reasons, we hold that Colon-Arreola's conviction under California Penal Code § 243(c)(2) is a categorical crime of violence within the meaning of § 2L1.2.

**AFFIRMED.**

---

[4] The term "willfully" is synonymous to the term "intentionally."  *See Laurico-Yeno*, 590 F.3d at 821 (citing Cal. Penal Code § 7).

[5] California Penal Code § 273.5(d) defines "traumatic condition" as "a condition of the body, such as a wound, or external or internal injury, including, but not limited to, injury as a result of strangulation or suffocation, whether of a minor or serious nature, caused by physical force."