Filed 8/12/15  People v. Foley CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066567 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN323137) |
| GREGORY FOLEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

Gregory Foley was convicted by a jury of willful cruelty to his elderly mother and father under circumstances likely to cause great bodily injury (Pen. Code,[1] § 368, subd. (b)(1); counts 2, 3). Foley was also convicted of resisting an executive officer by threats and violence (§ 69; count 4). With regard to count 2, the jury found Foley personally inflicted great bodily injury on a person 70 years or older (§ 12022.7, subd. (c)). Finally, the jury found true an allegation that Foley used a deadly weapon (§ 12022, subd. (b)).

Foley was sentenced to an aggregate determinate term of 12 years four months in prison.

Foley appeals contending the evidence was insufficient to prove he used force likely to cause great bodily injury during the assault on his father (count 3). Applying the proper standard of review, we will determine there is sufficient substantial evidence in this record to support the finding that Foley used force likely to cause great bodily injury when he attacked his father.

STATEMENT OF FACTS

The events in this case occurred on September 1, 2013, at the Oceanside residence of appellant's mother Beverly Foley, age 81 and his father Milford Foley, age 86. Foley lived at the residence with his parents. On that date police received two 9-1-1 calls. The first reported a domestic disturbance. When Oceanside Police Officer Mark Wheeler

_____

[1]     All further statutory references are to the Penal Code unless otherwise specified.

2

arrived, Beverly[2] reported that her son and his father had been "at it again."  Nobody at the residence appeared to have been harmed so the officer left.

An hour later police received another 9-1-1 call from the residence.  Officer Wheeler was again the first to arrive.  This time Wheeler found Beverly in the garage, covered in blood and her face was badly swollen.  She told Wheeler she had been assaulted and stabbed by Foley.

While Wheeler was helping Beverly, he observed Foley open the door.  Wheeler told Foley to come out but he responded, "Fuck you.  Come in and get me."  Foley then slammed the door.

More officers arrived and they used a public address system to order Foley out of the house, but he did not respond.  Ultimately police entered the house and engaged in a prolonged struggle to subdue Foley who was armed with a knife.  Foley refused to drop the knife even after he had been hit with rubber bullets.  Foley was shot once in the shoulder and then retreated to another room.  Ultimately a police dog was sent in to subdue Foley who continued to fight until an officer struck him in the head.

Police next discovered Milford in a locked bathroom, where he appeared to be cleaning blood with a rag.  Milford was injured, but not as badly as Beverly.

Milford testified at the preliminary hearing, however, he passed away before trial from unrelated causes.  His testimony was read to the jury at trial.  Milford said he was lying down in his room when Foley entered.  Although Milford had some difficulty

---

2        Since all of the participants in the struggle are named Foley, we will use first names for clarity.  No disrespect is intended.

3

testifying and his testimony was not entirely clear, he said that Foley knocked him down. Milford said that Foley tried to strike him in the face with a hammer, but Milford was able to bite Foley's arm causing him to drop the hammer. Milford said that Foley then placed his knee on Milford's neck and choked him into unconsciousness.

## Defense Case

Foley testified in his own behalf. On the day of the offenses, he heard his parents arguing and struggling over a knife. He pushed Beverly in order to get her to release the knife. Beverly then called 9-1-1, which angered him because he was trying to help her. He made the statement heard on the 9-1-1 tape: "You're fucking dead."

Foley said he took the knife upstairs to stab himself in the throat as he wanted to die. After that he was shot multiple times by police and attacked by a police dog before he was arrested.

## DISCUSSION

We first note, Foley does not challenge his convictions in counts 2 and 4. His only contention on appeal is that the evidence does not support a finding he used force likely to cause great bodily injury in the assault on Milford. His argument is largely based on the fact that Milford only received fairly minor injuries. However minor the injuries may have been to Milford the force used, such as attempting to hit Milford with a hammer and a placing a knee on Milford's neck until he passed out, is more than adequate to support the conviction.

4

## A. Legal Principles

When we consider a challenge to the sufficiency of the evidence to support a conviction we apply the familiar substantial evidence standard of review. Under that standard we review the entire record drawing all reasonable inferences in favor of the jury's decision. We do not weigh the evidence or make credibility decisions. Our task is to determine whether there is sufficient, substantial evidence from which a reasonable jury could have found the elements of the offense have been proved beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 575-577; *People v. Bolin* (1998) 18 Cal.4th 297, 331.)

In order to establish that Foley was guilty of willful cruelty to Milford as charged, the prosecution was required to show that the acts were done under circumstances likely to cause great bodily injury. In order to prove such force, it is not necessary that the victim actually be injured. (*People v. Hopkins* (1978) 78 Cal.App.3d 316, 320.) The presence or absence of injury is probative on the issue of the amount of force, but injury alone does not establish the requisite force. (*People v. Muir* (1966) 244 Cal.App.2d 598, 604.) The determination of the amount and nature of the force used is a question of fact to be decided by the jury. (*Ibid.*)

## B. Analysis

This case illustrates the difference between the role of the original fact finder deciding guilt or innocence and an appellate court reviewing the conviction. Milford's testimony was problematic and somewhat inconsistent. However, Milford insisted that

Foley attempted to hit him in the face with a hammer. Milford also maintained that Foley placed his knee on Milford's neck and choked him until he became unconscious.

A jury could have rejected Milford's testimony, but it did not do so. It is apparent the jury accepted Milford's testimony as true. It is not our role to second guess the jury's credibility decision or to reweigh the evidence. If the jury credited Milford's testimony there is plainly enough evidence to show the use of force likely to cause great bodily injury.

Swinging a hammer at a person's face in an effort to hit the person is obviously potentially deadly force. Likewise, using a knee placed against an elderly person's neck to choke the person into unconsciousness poses a grave risk of death or great bodily injury. On this record, it is only fortuitous that the 86-year-old victim was not killed or gravely injured. As we said at the outset of this discussion, there is more than adequate evidence in the record to support the conviction for count 3.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

6