**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> HUGO SALVADOR RIVERA-MUNIZ, AKA Hugo Salvador Rivera, AKA Hugo Salvadore Rivera, *Defendant-Appellant.* | No. 15-10560 <br><br> D.C. No. 4:14-cr-01930-JGZ -LAB-1 <br><br><br> OPINION |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted December 16, 2016
San Francisco, California

Filed April 20, 2017

Before: Jay S. Bybee and N. Randy Smith, Circuit Judges,
and Leslie E. Kobayashi,[*] District Judge.

Opinion by Judge Kobayashi

---

[*] The Honorable Leslie E. Kobayashi, Judge for the United States District Court for the District of Hawaii, sitting by designation.

## SUMMARY[**]

**Criminal Law**

Affirming a sentence, the panel held that Cal. Penal Code § 192(a) matches the generic definition of "manslaughter" and is therefore categorically a crime of violence under § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines.

## COUNSEL

Stephanie Bond (argued), The Law Offices of Stephanie K. Bond P.C., Tucson, Arizona, for Defendant-Appellant.

Lauren G. LaBuff (argued), and Christina M. Cabanillas, Assistant United States Attorneys; Robert L. Miskell, Appellate Chief; John S. Leonardo, United States Attorney; United States Attorney's Office, Tucson, Arizona; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

KOBAYASHI, District Judge:

This appeal questions whether a conviction for manslaughter under California Penal Code section 192(a) is a categorical crime of violence for purposes of § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines").[1] We review the district court's determination that Rivera-Muniz's prior conviction constitutes a crime of violence de novo. *United States v. Marcia-Acosta*, 780 F.3d 1244, 1248 (9th Cir. 2015). We affirm.

I

On July 8, 2015, Rivera-Muniz pleaded guilty to reentering the United States without authorization after having been deported or removed in violation of 8 U.S.C. § 1326(a), enhanced by § 1326(b)(2). At the sentencing hearing, the district court considered Rivera-Muniz's previous conviction for voluntary manslaughter under California Penal Code section 192(a) and concluded that it was an enumerated crime of violence that triggered a 16-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). However, the district court also applied a 7-level downward variance, thus sentencing Rivera-Muniz to twenty-seven

---

[1] Citations to the Sentencing Guidelines reference the 2014 Guidelines, which were in effect when Rivera-Muniz was sentenced. *United States v. Thomsen*, 830 F.3d 1049, 1071 (9th Cir. 2016). Amendments effective November 1, 2016, eliminated the language of U.S.S.G. § 2L1.2 at issue in the instant appeal. U.S. Sentencing Guidelines Manual supp. to app. C, amend. 802, at 147–49 (U.S. Sentencing Comm'n 2016).

months of imprisonment and three years of supervised release.

Rivera-Muniz challenges the 16-level enhancement, arguing that California Penal Code section 192(a) is not categorically a crime of violence.

## II

The relevant Sentencing Guideline provides a base level offense of 8, and a 16-level increase if the defendant was previously deported after a conviction for, *inter alia*, a "crime of violence." U.S.S.G. § 2L1.2(a)–(b).[2] The definition of

---

[2] U.S.S.G. § 2L1.2 provides:

(a) Base Offense Level: **8**

(b) Specific Offense Characteristic

(1) Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after—

(A) a conviction for a felony that is . . . (ii) a crime of violence . . . , increase by **16** levels if the conviction receives criminal history points under Chapter Four or by **12** levels if the conviction does not receive criminal history points[.]

"crime of violence" includes an enumerated list of crimes, including "manslaughter."[3] *Id.* § 2L1.2 cmt. n.1(B)(iii).

"The fact that manslaughter is specifically enumerated in the Sentencing Guidelines' definition strongly indicates that the offense of manslaughter qualifies as a 'crime of violence' under § 2L1.2(b)(1)(A)(ii)." *United States v. Mendoza-Padilla*, 833 F.3d 1156, 1158 (9th Cir. 2016). However, "the Supreme Court has directed us to look beyond the label applied to an offense by the state legislature and consider whether the substance of the offense matches the 'generally accepted contemporary meaning of [the] term.'" *United States v. Gomez-Leon*, 545 F.3d 777, 790 (9th Cir. 2008) (alteration in original) (quoting *Taylor v. United States*, 495 U.S. 575, 596 (1990)). Under this analysis—the categorical approach—the court examines "only the fact of conviction and the statutory definition of the prior offense." *United States v. Parnell*, 818 F.3d 974, 978 (9th Cir. 2016) (citation and internal quotation marks omitted). Moreover,

---

[3] The Application Notes to U.S.S.G. § 2L1.2 state, in relevant part:

> "Crime of violence" means any of the following offenses under federal, state, or local law: murder, **manslaughter**, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (emphasis added).

"we do not look to the specific conduct that was the basis of a defendant's state convictions." *United States v. Velasquez-Reyes*, 427 F.3d 1227, 1229 (9th Cir. 2005).[4]

The statute at issue here, California Penal Code section 192(a), defines voluntary manslaughter as "the unlawful killing of a human being without malice . . . upon a sudden quarrel or heat of passion."[5] Malice "is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature," and "implied . . . when no considerable provocation appears, or when the circumstances

---

[4] If the statute of conviction criminalizes more conduct than the generic, contemporary definition of the offense, we may use the modified categorical approach. *Gomez-Leon*, 545 F.3d at 783–84. Because we conclude that California Penal Code section 192(a) does not criminalize more conduct than the generic definition of manslaughter, we need not use the modified categorical approach.

[5] California Penal Code section 192 provides, in pertinent part:

> Manslaughter is the unlawful killing of a human being without malice. It is of three kinds:
>
> > (a) Voluntary-upon a sudden quarrel or heat of passion.
> >
> > (b) Involuntary-in the commission of an unlawful act, not amounting to a felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection. This subdivision shall not apply to acts committed in the driving of a vehicle.
> >
> > (c) Vehicular[.]

attending the killing show an abandoned and malignant heart." Cal. Penal Code § 188.

III

On appeal, Rivera-Muniz contends that California Penal Code section 192(a) is not a categorical crime of violence under U.S.S.G. § 2L1.2 for two reasons. First, Rivera-Muniz argues that, because we have held that a conviction under section 192(a) was not a crime of violence under 18 U.S.C. § 16, *see Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1306–07 (9th Cir. 2015), the district court should have applied the same analysis to crimes of violence as defined by U.S.S.G. § 2L1.2. Second, Rivera-Muniz argues that the district court should have considered case law and jury instructions, which make it clear that the California statute allows for a conviction of voluntary manslaughter as a lesser-included offense of murder when a defendant acts in unreasonable or imperfect self-defense.[6] According to Rivera-Muniz, California's inclusion of imperfect self-defense within the definition of voluntary manslaughter makes that offense broader than the generic definition of voluntary manslaughter, and, accordingly, not a categorical crime of violence. We disagree with both reasons and hold that California Penal Code section 192(a) categorically matches the contemporary, generic definition of manslaughter.

---

[6] The California Supreme Court has recognized that the terms "unreasonable self-defense" and "imperfect self-defense" are interchangeable. *See People v. Elmore*, 325 P.3d 951, 955 (Cal. 2014).

A

*Quijada-Aguilar*'s conclusion that a conviction under section 192(a) is not a crime of violence under 18 U.S.C. § 16 does not resolve this case.  There, we held that a conviction under section 192(a) is not a crime of violence under 18 U.S.C. § 16 because California permits a conviction for voluntary manslaughter with a *mens rea* of recklessness, while 18 U.S.C. § 16 requires "proof of an intentional use of force or a substantial risk that force will be intentionally used during its commission."  *Quijada-Aguilar*, 799 F.3d at 1306.  Unlike 18 U.S.C. § 16(a), which defines crimes of violence as those involving the "use, attempted use, or threatened use of physical force," the Sentencing Guidelines provide two avenues by which a crime can constitute a crime of violence.  First, U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) enumerates several offenses that constitute crimes of violence per se.  *Gomez-Leon*, 545 F.3d at 788.  Second, § 2L1.2 cmt. n.1(B)(iii) contains a "residual clause" that encompasses crimes that have "as an element the use, attempted use, or threatened use of physical force."   The residual clause is "materially the same as the elements test from 18 U.S.C. § 16(a) and is subject to the same construction, which means that it covers only convictions for an offense that requires proof of the intentional use of force."  *Id.* (footnote omitted).

We agree that, if we were limited to the "use, attempted use, or threatened use of physical force against the person of another" language of 18 U.S.C. § 16(a) and U.S.S.G. § 2L1.2 cmt. n.1(B)(iii), *Quijada-Aguilar* would compel us to conclude that California Penal Code section 192(a) is not a crime of violence.  However, we are not limited to this language and must take into account the fact that manslaughter is an enumerated offense.  *See Id.* at 787.

In *Gomez-Leon*, we explained that the definition of "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) includes an enumerated list of offenses that "constitute 'crimes of violence' per se."[7] *Id.* at 788. Therefore, if the predicate offense is manslaughter, "the underlying conviction need not be for an offense that involves the intentional use of force." *Id.* at 789. Thus, Rivera-Muniz's argument that a conviction under section 192(a) is not a crime of violence because it permits a conviction for voluntary manslaughter with a *mens rea* of recklessness is only relevant if the generic definition of voluntary manslaughter requires something more than recklessness.

"When the enumerated offense is a traditional crime, such as manslaughter, we derive its uniform meaning from the generic, contemporary meaning employed by most states, guided by scholarly commentary." *Id.* at 790. Our previous cases and those in other circuits establish that a *mens rea* of recklessness suffices to sustain a conviction for voluntary manslaughter under the generally accepted definition. The meaning of contemporary manslaughter includes both voluntary and involuntary forms of the offense. *Id.* at 791. We have adopted the Fifth Circuit's holding in *United States v. Dominguez-Ochoa*, 386 F.3d 639 (5th Cir. 2004), and concluded that "the modern view appears to be that recklessness is an element" of manslaughter. *Gomez-Leon*, 545 F.3d at 791; *see also United States v. Kosmes*, 792 F.3d

---

[7] *Gomez-Leon* references an older version of U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) that was amended in 2008. *See* U.S. Sentencing Guidelines Manual app. C, amend. 722, at 301–02 (U.S. Sentencing Comm'n 2011). The amendments, however, did not eliminate the list of enumerated offenses, and left unchanged the enumerated offense of manslaughter. *See id.*

973, 977 (8th Cir. 2015) ("In finding that the Model Penal Code provides the best generic federal definition, we hold that 'manslaughter' as enumerated in the Guidelines means a criminal homicide that is committed (a) recklessly or (b) intentionally if committed under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation or excuse."); *United States v. Garcia-Perez*, 779 F.3d 278, 284 (5th Cir. 2015) ("The inquiry is simple for our purposes because we have already held that generic contemporary manslaughter requires a mental state of either intent to kill or recklessness."); 2 Wayne R. LaFave, *Substantive Criminal Law*, § 15.4(a) (2d ed. 2007).

Under California law, a *mens rea* of at least recklessness is required to sustain a voluntary manslaughter conviction. *See People v. Lasko*, 999 P.2d 666, 672 (Cal. 2000). Thus, at least when it comes to the *mens rea* element, there is a categorical match between California Penal Code section 192(a) and the generic, contemporary meaning of the offense.

B

Rivera-Muniz's argument that California Penal Code section 192(a) is broader than the generic definition of voluntary manslaughter because it encompasses convictions for unreasonable self-defense also fails. Rivera-Muniz concedes that section 192(a) is virtually identical to its federal counterpart, 18 U.S.C. § 1112(a), which reads:

> Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:

> Voluntary—Upon a sudden quarrel or heat of passion.
>
> Involuntary—In the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death.

California Penal Code section 192 reads:

> Manslaughter is the unlawful killing of a human being without malice.  It is of three kinds:
>
> (a) Voluntary-upon a sudden quarrel or heat of passion.
>
> (b) Involuntary-in the commission of an unlawful act, not amounting to a felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection. . . .
>
> (c) Vehicular[.]

Because Rivera-Muniz's conviction was under section 192(a), we need only concern ourselves with the definition of voluntary manslaughter.[8]

---

[8] We have previously held that a conviction under section 192(c)(3) is not a categorical crime of violence.  *Gomez-Leon*, 545 F.3d at 795–96.

Rivera-Muniz suggests that we should bypass this facial identity because California permits a conviction under section 192(a) for unreasonable self-defense, which goes beyond "a sudden quarrel or heat of passion." Cal. Penal Code § 192(a). Unreasonable self-defense is not explicitly stated in California Penal Code section 192(a). Rather, California case law provides that unreasonable self-defense is an alternative way of negating malice aside from heat-of-passion killings. "Punishment is mitigated [for voluntary manslaughter, as] the law deems [it] less blameworthy than murder because of the attendant circumstances and their impact on the defendant's mental state." *People v. Elmore*, 325 P.3d 951, 957 (Cal. 2014). Specifically, "[t]wo factors may preclude the formation of malice and reduce murder to voluntary manslaughter: heat of passion and unreasonable self-defense." *Id.* Rivera-Muniz suggests that this judicial expansion of voluntary manslaughter beyond the statutory text demonstrates that section 192(a) is not a categorical match to the generic definition of manslaughter.

Rivera-Muniz ignores cases interpreting 18 U.S.C. § 1112 in precisely the same manner. *See United States v. Manuel*, 706 F.2d 908, 915 (9th Cir. 1983) ("[In] the typical case of 'imperfect self-defense,' . . . the defendant *intends* to use deadly force in the unreasonable belief that he is in danger of death or great bodily harm. In this circumstance, the offense is classed as voluntary manslaughter."); *see also United States v. Quintero*, 21 F.3d 885, 890 (9th Cir. 1994) ("Intent without malice, not the heat of passion, is the defining characteristic of voluntary manslaughter."). He also ignores scholarly commentary suggesting that the generally accepted definition of voluntary manslaughter includes the concept of unreasonable self-defense. *See* 2 LaFave, *supra*, § 15.3(a) (collecting cases and statutes making unreasonable self-

defense a variant of voluntary manslaughter); Elizabeth D. Lauzon, Annotation, *Propriety of Lesser-Included-Offense Charge of Voluntary Manslaughter*, 3 A.L.R. 6th 543 (originally published in 2005) ("Voluntary manslaughter has generally been defined, under common law and various state statutes, as the intentional, unlawful killing of a human being by another human being as a result of an honest but unreasonable belief in the need to exercise self-defense (unreasonable/imperfect self-defense theory) or as the intentional, unlawful killing of a human being by another human being in a sudden heat of passion due to serious provocation (heat-of-passion theory).").

In sum, California Penal Code section 192(a) does not stray from the generic definition of voluntary manslaughter, which includes the concept of unreasonable self-defense.

IV

California Penal Code section 192(a) matches the generic definition of "manslaughter," and is, therefore, categorically a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines.

**AFFIRMED.**