NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-50189 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-01415-CAB |
| v. | |
| JUAN LOPEZ-HERNANDEZ, a.k.a. Juan Hilario Lopez-Hernandez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted September 12, 2018[**]

Before:      LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Juan Lopez-Hernandez appeals from the district court's judgment and

challenges his conviction for attempted reentry of a removed alien, in violation of

8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez-Hernandez contends that the district court erred in denying his motion

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

to dismiss the information under 8 U.S.C. § 1326(d).  We review de novo.  *See United States v. Moriel-Luna*, 585 F.3d 1191, 1196 (9th Cir. 2009).  Lopez-Hernandez argues that his conviction under California Penal Code § 243(c)(2), which formed the basis of his initial removal in 2002, is not a crime of violence.  This argument is foreclosed.  *See United States v. Colon-Arreola*, 753 F.3d 841, 844-45 (9th Cir. 2014) (holding that a conviction under California Penal Code § 243(c)(2) is a categorical crime of violence under U.S.S.G. § 2L1.2); *see also United States v. Narvaez-Gomez*, 489 F.3d 970, 976 (9th Cir. 2007) (definitions of crime of violence in 18 U.S.C. § 16(a) and U.S.S.G. § 2L1.2 are "identical" so cases interpreting one provision are applicable to other provision).  Contrary to Lopez-Hernandez's contention, *Colon-Arreola* is not "clearly irreconcilable" with *Mathis v. United States*, 136 S. Ct. 2243 (2016).  *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

In light of this disposition, we do not reach the government's arguments regarding Lopez-Hernandez's 2014 expedited removal order.

The government's motion for judicial notice is denied.

**AFFIRMED.**