**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

v.

AARON DAVID PEREZ,
    *Defendant-Appellant.*

No. 17-10216

D.C. No.
4:16-cr-00223-JSW-1

ORDER AND
AMENDED OPINION

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted June 14, 2018
Submission Vacated July 11, 2018
Resubmitted July 3, 2019
San Francisco, California

Filed July 11, 2019
Amended July 25, 2019

Before:  Eugene E. Siler,[*] Richard A. Paez,
and Sandra S. Ikuta, Circuit Judges.

---

[*] The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Order;
Opinion by Judge Ikuta

## SUMMARY[**]

### Criminal Law

Affirming a sentencing determination by the district court, the panel held that battery resulting in serious bodily injury, in violation of section 243(d) of the California Penal Code, qualifies as a "crime of violence" as defined in § 4B1.2(a)(1) of the United States Sentencing Guidelines.

### COUNSEL

Jerome E. Matthews (argued) and Elizabeth McKenna, Assistant Federal Public Defender; Steven G. Kalar, Federal Public Defender; Office of the Federal Public Defender, Oakland, California; for Defendant-Appellant.

Susan B. Gray (argued), Assistant United States Attorney; J. Douglas Wilson, Chief, Appellate Division; United States Attorney's Office, San Francisco, California; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

The opinion filed July 11, 2019, is hereby amended as follows:  on page 6 of the slip opinion, the sentence spanning lines 5 through 10 is removed and replaced with the following:

> Clarifying this definition, the Supreme Court explained that "the force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson*." *Stokeling v. United States*, 139 S. Ct. 544, 553 (2019).

On page 13, line 26, of the slip opinion, following the citation, the following sentence is inserted:

> Moreover, so long as the force used was sufficient to overcome a victim's resistance (as in the scenario where a thief pushed a victim in order to grab her purse) it would meet the definition of "violent force" for purposes of the generic federal definition of crime of violence. *See Stokeling*, 139 S. Ct. at 555.

**OPINION**

IKUTA, Circuit Judge:

Aaron Perez's appeal of his sentence for being a felon in possession of a firearm and ammunition raises the question whether a prior state conviction for battery resulting in serious bodily injury, in violation of section 243(d) of the California Penal Code, qualifies as a "crime of violence" as defined in § 4B1.2(a)(1) of the United States Sentencing Guidelines. We conclude that it does. For the reasons set forth below and in our concurrently-filed memorandum disposition, *United States v. Perez*, ___ F. App'x ___ (9th Cir. 2019), we affirm.

I

In May 2016, Perez was convicted of a single count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). According to the presentence report, Perez had a lengthy criminal history, including a conviction for felony battery resulting in serious bodily injury in violation of California Penal Code section 243(d).

In light of this prior conviction, the presentence report determined that Perez had a base offense level of 20, which is applicable if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 2K2.1(a)(4) (U.S. Sentencing Comm'n 2016). After taking into account various adjustments, the presentence report concluded that Perez had an adjusted offense level of 19 and a criminal

history category of VI, resulting in an advisory Guidelines range of 63 to 78 months. The presentence report recommended a downward variance to a below-Guidelines sentence of 46 months.

At sentencing, the district court concluded that Perez's conviction under section 243(d) qualified as a crime of violence as defined in U.S.S.G. § 4B1.2. It imposed a sentence of 61 months' imprisonment, followed by three years of supervised release. On appeal, Perez challenges the court's determination that section 243(d) is a crime of violence. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

II

Whether a prior conviction qualifies as a crime of violence is a question of law that this court reviews de novo. *United States v. Rivera-Muniz*, 854 F.3d 1047, 1048–49 (9th Cir. 2017). In order to determine whether a conviction qualifies as a crime of violence as defined in U.S.S.G. § 4B1.2(a)(1), we apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600–02 (1990). "Under this categorical approach, if the state statute of conviction criminalizes more conduct than the federal generic offense, then the state offense is not categorically included in the definition of the federal generic offense." *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 853 (9th Cir. 2013). If the state statute of conviction criminalizes the same conduct or less conduct than the federal generic offense, then it qualifies

as a generic federal offense. *Barragan-Lopez v. Holder*, 705 F.3d 1112, 1115 (9th Cir. 2013).**[1]**

In determining "whether a state statute meets a generic definition appearing in the Guidelines," we may consider the interpretation of the statute provided by state courts. *United States v. Laurico-Yeno*, 590 F.3d 818, 822 & n.2 (9th Cir. 2010). "When the state statute's greater breadth is not apparent from the language of the statute itself, a defendant must point to 'cases in which the state courts in fact did apply the statute in the special (nongeneric) manner' to show the statute applies to conduct outside the federal definition." *Id.* at 822 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). There must be "a realistic probability, not a theoretical possibility" that the State would apply its statute in such a manner. *Duenas-Alvarez*, 549 U.S. at 193. A court's "focus on the minimum conduct criminalized by the state statute is not an invitation to apply 'legal imagination' to the state offense." *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (quoting *Duenas-Alvarez*, 549 U.S. at 193).

We first construe the generic federal definition of "crime of violence" provided by U.S.S.G. § 4B1.2(a)(1). This section defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the

---

**[1]** If the state statute of conviction is not categorically included in the definition of the federal generic offense, and the state statute is divisible, courts may employ a modified categorical approach. *See Descamps v. United States*, 570 U.S. 254, 263 (2013). This approach is not applicable here.

person of another . . . . " U.S.S.G. § 4B1.2(a)(1).**²** In interpreting this language, the Supreme Court defined "physical force" to mean "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Clarifying this definition, the Supreme Court explained that "the force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson*." *Stokeling v. United States*, 139 S. Ct. 544, 553 (2019). Further, the use of force must be intentional, requiring "active employment" and a "higher degree of intent than negligent or merely accidental conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). "The bedrock principle of *Leocal* is that to constitute a federal crime of violence an offense must involve the intentional use of force against the

---

**²** The key language in this definition—"the use, attempted use, or threatened use of physical force against the person of another"—is used in a number of statutes and Guidelines sections, including 18 U.S.C. § 16(a) (defining "crime of violence"), the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i) (defining the term "violent felony"); and U.S.S.G. § 2L1.2 app. 2 (establishing a sentencing enhancement for prior crimes of violence). We are guided by our prior interpretations of this statutory language, regardless of the context in which it appears. *See United States v. Chandler*, 743 F.3d 648, 650 (9th Cir. 2014), *cert. granted, judgment vacated on other grounds*, 135 S. Ct. 2926 (2015) (holding that our analysis of the definition of crime of violence in the Sentencing Guidelines guides our interpretation of "violent felony" in the ACCA because "there is no meaningful distinction between the definitions"); *United States v. Narvaez-Gomez*, 489 F.3d 970, 976 (9th Cir. 2007) (holding that "the relevant definitions under § 16(a) and U.S.S.G. § 2L1.2 are identical"); *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1019 (9th Cir. 2006) (stating that § 4B1.2 "is identical in all material respects to § 16(a)"); *see also United States v. Novak*, 476 F.3d 1041, 1051 (9th Cir. 2007) (en banc) (noting that "courts generally interpret similar language in different statutes in a like manner when the two statutes address a similar subject matter").

person or property of another." *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc). Accordingly, for a state crime of conviction to constitute a "crime of violence" as defined in § 4B1.2(a)(1), it must have as an element the intentional "use, attempted use, or threatened use" of violent physical force against another person.

We now consider the state crime of conviction in this case, section 243(d) of the California Penal Code. Section 243(d) states: "When a battery is committed against any person and serious bodily injury is inflicted on the person, the battery is punishable by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years."

Section 242 of the California Penal Code defines "battery" to mean "any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 242. Consistent with long-established interpretations in tort and criminal law, California courts have concluded that "the least touching may constitute battery." *People v. Mansfield*, 200 Cal. App. 3d 82, 88 (1988) (internal quotation marks and citation omitted). A battery "need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave any mark." *Id.* (citation omitted).

Other key terms in section 243(d) also have statutory definitions. The word "willfully" means "a purpose or willingness to commit the act, or make the omission referred to." Cal. Penal Code § 7; *see Laurico-Yeno*, 590 F.3d at 821 (holding that the term "willfully" in section 273.5 is "a synonym for intentionally"). The term "serious bodily injury" means "a serious impairment of physical condition, including, but not limited to, the following: loss of

consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement." Cal. Penal Code § 243(f)(4). Accordingly, section 243(d) criminalizes an intentional use of physical force that results in serious bodily injury.

In light of these definitions, section 243(d) can be a categorical match to § 4B1.2(a)(1) only if the use of physical force that results in serious bodily injury constitutes the use of violent physical force.

In construing a similar state statute, we concluded that force that results in an injury requiring medical treatment constitutes violent physical force. *See United States v. Colon-Arreola*, 753 F.3d 841 (9th Cir. 2014). In *Colon-Arreola*, we considered whether a defendant's conviction under section 243(c)(2) of the California Penal Code was a "crime of violence" for purposes of U.S.S.G. § 2L1.2, *id.* at 843–44, which uses the same terminology as § 4B1.2. Section 243(c) criminalizes a "battery" that is "committed against a peace officer engaged in the performance of his or her duties" which results in "an injury. . . inflicted on [the] victim." Cal. Penal Code § 243(c).[3]

---

[3] Section 243(c)(2) provides in full:

> When the battery specified in paragraph (1) [a battery against a specified official meeting certain criteria] is committed against a peace officer engaged in the performance of his or her duties, whether on or off duty, including when the peace officer is in a police uniform and is concurrently performing the duties required of him or her as a peace officer while also employed in a private capacity as a part-time or casual

*Colon-Arreola* first acknowledged our prior decision in *Ortega-Mendez v. Gonzales*, which held that battery alone, as defined in section 242 of the California Penal Code, does not constitute a crime of violence, because "the statute does not *require* the use of violent force." *Colon-Arreola*, 753 F.3d at 844 (citing *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1016 (9th Cir. 2006)). But we distinguished *Ortega-Mendez* on the ground that "§ 243(c)(2) requires proof of an element that § 242 does not, namely, that an 'injury is inflicted on [a peace officer] victim.'" *Id.* Because the term "injury" is defined as "any physical injury which requires professional medical treatment," Cal. Penal Code § 243(f)(5), we concluded that "a person cannot be convicted under § 243(c)(2) unless he willfully and unlawfully applies force sufficient to not just inflict a physical injury on the victim, but to inflict a physical injury severe enough that it requires professional medical treatment." *Colon-Arreola*, 753 F.3d at 844–45 (footnote omitted). Accordingly, we held that section 243(c)(2) "fits squarely within the term [crime of violence] by requiring the deliberate use of force that injures another." *Id.* at 845 (alteration in original) (quoting *Laurico-Yeno*, 590 F.3d at 822).

---

> private security guard or patrolman and the person committing the offense knows or reasonably should know that the victim is a peace officer engaged in the performance of his or her duties, the battery is punishable by a fine of not more than ten thousand dollars ($10,000), or by imprisonment in a county jail not exceeding one year or pursuant to subdivision (h) of Section 1170 for 16 months, or two or three years, or by both that fine and imprisonment.

Cal. Penal Code § 243(c)(2).

We have taken the same approach in two analogous contexts. In *United States v. Laurico-Yeno*, we considered whether a conviction under California Penal Code section 273.5 was a crime of violence under U.S.S.G. § 2L1.2. 590 F.3d at 820. At that time, section 273.5 provided that "[a]ny person who willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony." *Id.* at 821 (quoting Cal. Penal Code § 273.5(a) (2010)). The defendant argued that section 273.5 was not a categorical crime of violence, because it criminalized a battery, which can be caused "by way of a 'least' or slightest touching." *Id.* at 822 (citation omitted). We rejected this argument, holding that section 273.5 "does not penalize minimal, non-violent touchings" because it "penalizes the intentional use of force that results in a traumatic condition." *Id.* Because the defendant had not identified a single conviction under section 273.5 resulting from the use of non-violent force, we concluded that section 273.5's "text does not apply to conduct outside the term 'crime of violence' as defined in the Guidelines," but rather "fits squarely within the term by requiring the deliberate use of force that injures another." *Id.*

Likewise, in *United States v. Lawrence*, we examined a conviction under section 9A.36.021(1)(a) of the Washington Revised Code to determine whether it was a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another" for purposes of the Armed Career Criminal Act (ACCA). 627 F.3d 1281, 1283–84 (9th Cir. 2010) (quoting 18 U.S.C. § 924(e)(2)(B)(i)), *overruled on other grounds by Descamps v. United States*, 570 U.S. 254 (2013). Section 9A.36.021(1)(a) provided that a person is guilty of second

degree assault if he or she "[i]ntentionally assaults another and thereby recklessly inflicts substantial bodily harm."**4** *Id.* at 1284–85 (quoting Wash. Rev. Code § 9A.36.021(1)(a)). Under Washington law, "assault" included "unlawful touching with criminal intent," much like "battery" under California law, and therefore would not qualify as a categorical crime of violence on its own.**5** *Id.* at 1286. Nevertheless, because section 9A.36.021(1)(a) "requires not just an intentional assault, but an intentional assault that results in substantial bodily harm," the defendant's conviction "necessarily require[d] force that [went] beyond the 'least touching,' and represents 'actual force' that is violent in nature." *Id.* at 1287 (citations omitted). Given that the statute required intentional force "so violent as to inflict substantial bodily harm," we concluded that section 9A.36.021(1)(a) is categorically a crime of violence. *Id.* at 1288.

The analysis we applied in *Colon-Arreola*, *Laurico-Yeno*, and *Lawrence* is equally applicable here. Like section 243(c)(2), section 243(d) "requires proof of an element that § 242 does not," *Colon-Arreola*, 753 F.3d at 844, namely

---

**4** Section 9A.36.021(1)(a) provides: "A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree: (a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm." Wash. Rev. Code § 9A.36.021(1)(a).

**5** "Washington courts recognize three means of accomplishing an assault: '(1) an attempt, with unlawful force, to inflict bodily injury upon another [attempted battery]; (2) an unlawful touching with criminal intent [actual battery]; and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is capable of inflicting that harm [common law assault].'" *Lawrence*, 627 F.3d at 1286 (alterations in original) (quoting *State v. Wilson*, 125 Wash. 2d 212, 218 (1994)).

that "serious bodily injury is inflicted" on the person of another, Cal. Penal Code § 243(d). Because "serious bodily injury" is defined as "a serious impairment of physical condition," Cal. Penal Code § 243(f)(4), we must likewise conclude that a person cannot be convicted under § 243(d) "unless he willfully and unlawfully applies force sufficient to not just inflict a physical injury on the victim, but to inflict" a severe physical injury. *Colon-Arreola*, 753 F.3d at 844–45 (footnote omitted). As a result, section 243(d) "fits squarely within the term [crime of violence] by requiring the deliberate use of force that injures another." *Id.* at 845 (alteration in original) (quoting *Laurico-Yeno*, 590 F.3d at 820–22).

Perez claims that section 243(d) is not categorically a crime of violence based on decisions by two state appellate courts that have "dream[ed] up unusual scenarios," *Lawrence*, 627 F.3d at 1287, in which a non-violent act could inflict substantial bodily injury. In *People v. Hopkins*, a defendant argued that he could not be convicted of "assault by means of force likely to produce great bodily injury" under section 245 of the California Penal Code because section 245 had been preempted or superseded by a more specific assault provision, section 243 of the California Penal Code. 78 Cal. App. 3d 316, 319 (1978). The court rejected this argument because section 243 did not include all the elements of section 245: section 245 required a specified level of force (i.e., likely to produce great bodily injury), regardless of the injury that actually occurred, while section 243 required only that the force used result in serious bodily injury. *Id.* at 320–21. To explain this point, *Hopkins* stated that, theoretically, a "thief who pushes an elderly lady to the sidewalk in an effort to grab her purse, could be convicted of a felony" under section 243 if the victim broke her hip in the fall. *Id.* at 320–21; *see also People v. Bertoldo*, 77 Cal. App. 3d 627, 633 (1978)

(rejecting a similar argument). In *People v. Mansfield*, the court held that a violation of section 243(d) was not a crime involving moral turpitude because the requisite mens rea was only an intent to commit battery, not an intent to cause a serious bodily injury. 200 Cal. App. 3d at 88. In explaining its reasoning, the court noted that "one may conceivably commit a felony battery without committing an aggravated assault" by means of "a push that results in a fall and concomitant serious injury," although it acknowledged that "serious injury resulting from a simple offensive touching may not be likely." *Id.* at 88 & n.5.

As the description of these state appellate court opinions should make clear, they involved technical analyses of state law issues unrelated to the question whether section 243(d) constitutes a crime of violence, and rested their conclusions on improbable hypotheticals. Indeed, *Mansfield* expressly acknowledged that a scenario in which a non-violent touching could result in serious bodily injury was unlikely. *Id.* at 88. Perez cites no case where the state courts in fact did apply section 243(d) to a defendant who had engaged in no more than slight touching. Because the categorical approach "requires a realistic probability, not a theoretical possibility" that the State would apply its statute in such a manner, he fails to meet the threshold set forth in *Duenas-Alvarez*. 549 U.S. at 193. Moreover, so long as the force used was sufficient to overcome a victim's resistance (as in the scenario where a thief pushed a victim in order to grab her purse), it would meet the definition of "violent force" for purposes of the generic federal definition of crime of violence. *See Stokeling*, 139 S. Ct. at 555. "We conclude, therefore, that there is no realistic probability that a person could be convicted of violating Section [243(d)] without

having committed a violent act." *Lawrence*, 627 F.3d at 1288.

Because section 243(d) qualifies as a crime of violence for purposes of § 4B1.2(a), we conclude the district court did not err in its sentencing determination.

**AFFIRMED.**