NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10194 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00177-DAD-BAM-1 |
| v. | |
| MELVIN WHITEHEAD, AKA Archie Parks, AKA Marvin Roy Whitehead, AKA Melvin Ray Whitehead, AKA Melvin Ray Y, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted October 22, 2019
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and BADE, Circuit Judges.

Melvin Whitehead pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court found that Whitehead's prior conviction for battery with injury on a peace officer, in violation of California Penal Code ("C.P.C.") § 243(c)(2), qualified as a categorical crime of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

violence under the United States Sentencing Guidelines ("U.S.S.G.") §§ 2K2.1(a) and 4B1.2(a) and applied an increased base offense level. Whitehead appeals his sentence and argues that his prior conviction should not qualify as a crime of violence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines, *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1174 (9th Cir. 2017) (en banc) (citations omitted), and we affirm.

"In order to determine whether a conviction qualifies as a crime of violence as defined in U.S.S.G. § 4B1.2(a)(1), [the court applies] the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600–02 (1990)." *United States v. Perez*, 932 F.3d 782, 784 (9th Cir. 2019). In *United States v. Colon-Arreola*, 753 F.3d 841, 843–45 (9th Cir. 2014), this court applied *Taylor*'s categorical approach and held that a violation of C.P.C. § 243(c)(2) is a crime of violence, as defined in the Sentencing Guidelines. Thus, *Colon-Arreola* is binding precedent in which this court has already decided the issue that Whitehead presents in this case. *See Hart v. Massanari*, 266 F.3d 1155, 1170–71 (9th Cir. 2001). As such, *Hart* forecloses Whitehead's argument that *Colon-Arreola* incorrectly applied *Taylor*'s categorical approach. *Id.*

**AFFIRMED.**